THE ELDER AND DEACONS OF THE FIRST FREEWILL BAP-TIST CHURCH IN LOWELL *vs.* JEFFERSON BANCROFT.

Where an action of trespass *de bonis asportatis* was brought in the name of the elder and deacons of a church, and it appeared, upon the report of an arbitrator to whom the action was referred, that the property, in respect of which it was brought, had been purchased with funds belonging to the church, and in the name of the church, or had been given or otherwise granted to the church, and that the elder had not been joined or named in any deed or grant relating thereto; it was held, that the deacons alone constituted the corporation with respect to such property (Rev. Sts. *c.* 20, §§ 39, 40), in whose name the action should have been brought, and that the writ might be amended in this court, by striking out the words "elder and", under the several statute provisions authorizing amendments.

In this case, the material facts are stated in the opinion of the court.

*R. B. Caverly,* for the plaintiffs.

*B. F. Butler,* for the defendant.

FLETCHER, J. This is an action of trespass *de bonis as portatis,* and was referred to an arbitrator, from whose award it appears, that, at the time of the trespass complained of in the writ, there was at Lowell a religious body or society known as "The First Freewill Baptist Church in Lowell," having as its customary officers an elder and four deacons; the elder being the pastor, and thus his office distinct from that of deacon.

The property taken by the defendant had been purchased with funds belonging to the church, and in the name of the church, or had been given or otherwise granted to the church; but the elder had never been joined or named in any deed or grant. This property consisted of carpets, cushions, and other furniture of the meeting-house, used by the church as place of worship. These articles of furniture having been

24 *

taken away by the defendant, this action of trespass was brought by the church to recover damages, and was referred as before stated.

At the hearing before the arbitrator, it was objected by the defendant, that the action could not be maintained by the elder and deacons, but should have been in the name of the deacons alone; as by the Rev. Sts. c. 20, §§ 39, 40, the deacons alone are to sue, unless in cases of grants or donations where the elders, ministers, &c., are expressly joined with the deacons; and as the elder was not joined in any grant or donation of the property sued for, the suit should have been in the name of the deacons without joining the elder. This objection was very correctly sustained by the arbitrator, and the award is accordingly made with a double aspect; finding for the defendant his costs, as the case now stands, and finding the value of the property, in case the plaintiffs should have leave to amend by striking out the name of the elder.

The plaintiffs now move to amend by striking out the words "elder and", thus leaving the deacons alone as the party plaintiff. The defendant objects to the amendment, and the question which has been submitted to the court is, whether or not this amendment shall be made.

The ground of the objection to the amendment is, that by the Rev. Sts. c. 20, § 40, it is provided, that when ministers, elders, &c., in grants and donations mentioned in the thirty-ninth section, shall be joined with the deacons, &c., as donees, such officers, with the deacons, &c., shall be deemed the corporation for the purposes of such grants and donations. To support the objection, it is assumed, that the party plaintiff here, the elder and deacons, are the corporate body constituted by the fortieth section; and then it is argued, that by striking out the words "elder and", a new corporation would be substituted as a party for the present corporation, and thus a new party substituted instead of the present party plaintiff.

The present action is in the name of the ordinary officers of the church, and it by no means follows, that because they have the same name as the persons who are by the fortieth section made a corporation for some purposes, and under

some circumstances, that therefore this is a suit by that corporation.

Elder and deacons have a corporate capacity only in particular cases, of which the present case is not one; nor do the present plaintiffs claim to have any such corporate capacity, or to be a corporation, under the provisions of the fortieth section. Then it is said, that the proposed change would introduce a new party. But who is the real party? Certainly, the church is the real party, in interest, whether the suit be in the name of the deacons alone, or in the name of the elder and deacons. The infirmity of the argument for the defendant is, that it overlooks the fact, that there is but one real party plaintiff, that is, the church, whether the suit be in the name of the elder and deacons, or of the deacons; both being but trustees suing for and in behalf of the church.

The two sections (§§ 39, 40) of the statute referred to authorize actions in behalf of the church, sometimes in the name of the deacons, and sometimes in the name of the elder and deacons. The deacons, and the elder and deacons, are respectively but trustees for the church; and whether the suit be in the one name or the other, the church is the real party in interest.

It was said by the counsel for the defendant, that to make the amendment proposed would in effect be the same as if in a suit by the Lowell Bank, the word "Bank" should be struck out, and "Railroad" substituted, so as to introduce a new corporation with new and distinct rights and interests. The case put is like the case at bar only in the particular, that the amendment in each case would be made by striking out a single word; but in all other respects, the cases are wholly and most essentially different.

Suppose the bank charter provided, that, on notes made payable to the bank generally, suits should be in the name of the directors, and that on notes made to the president and directors, the suits should be in the name of the president and directors, and suppose a suit in the name of the president and directors, on a note made to the bank generally, in

which case, it should have been in the name of the directors only, leaving out the president. Upon an application to strike out the name of the president, the same objection might be made as in this case, that it would be a change of party. But the suit would still be for the bank, for the same cause of action, and with precisely the same rights and interests. So, the defendants and their rights and interests would remain precisely as before.

It would certainly be most remarkable, if in this age of the law, after the various English statutes in favor of amendments, and the statutes of this commonwealth, the amendment supposed could not be made. So, in the case at bar, the amendment proposed leaves the real party plaintiff, and the cause of action, and every thing in relation to the plaintiff's claim and to the defendant and his liability, precisely as before.

It is therefore plain, that a reasonable and enlightened administration of justice requires that the amendment should be made, if this court has power to allow such an amendment.

That this court has the power can admit of no reasonable doubt. The power of the court, on this subject, is very much enlarged by the revised statutes. See the Rev. Sts. *c.* 100, §§ 21, 22. The twenty-first section is the old law, and the twenty-second section gives new and very enlarged power of amendment. The statute of 1836, *c.* 273, § 3, applies to amendments in the form of action. The statute of 1839, *c.* 151, § 2, applies to the particular case of striking out or adding the names of joint plaintiffs. There has never as yet been any judicial construction or exposition of the twenty-second section above referred to. In terms, it gives unlimited power : " The court, in which any civil action is pending, may, at any time, before judgment rendered therein, allow amendments, either in form or substance, of any process, pleading, or proceeding in such action, on such terms as shall be just and reasonable." Whether the power of amendment given to the court should in any respect be limited or restricted, it is not now necessary to decide. It is sufficient

for the present purpose, that the statute very clearly gives power to make the amendment, which is a very peculiar one, in this case, where the real parties, cause of action, rights and liabilities, remain unchanged. The court having the power, it seems obviously proper that the amendment should be made. *Amendment allowed.*